---

Case 1:23-cv-06918-FB-VMS  Document 21  Filed 01/31/25  Page 1 of 3 PageID #: 79



**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRYAN CARR OLERT**
*Assistant Corporation Counsel*
Phone: (212) 356-2435
Fax: (212) 356-2203
Email: bolert@law.nyc.gov

January 31, 2025

**BY ECF**
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Charlie Ekonomakos v. City of New York et al.*, 1:23-cv-06918 (FB) (VMS)

Dear Judge Block:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants the New York City Fire Department ("FDNY") and Timothy Ramos in this matter. Defendants respectfully request leave to file a motion for summary judgment. Plaintiff Charlie Ekonomakos claims that Defendants denied his application for promotion in retaliation for taking leave pursuant to the Family Medical Leave Act ("FMLA") and for filing a complaint with the New York State Division of Human Rights ("SDHR"), in violation of the New York City Human Rights Law ("SHRL"). Plaintiff further claims that the denial of promotion constitutes discrimination on the basis of caregiver and familial status in violation of the SHRL and the New York City Human Rights Law ("CHRL"). As described herein, Plaintiff cannot establish a prima facie case of discrimination or retaliation, and the evidence conclusively demonstrates that Defendants denied Plaintiff's application for promotion for legitimate, nondiscriminatory, and nonretaliatory reasons.

**A.**     **Factual Background**

      FDNY has employed Plaintiff as a Fleet Mechanic since 2017. Throughout his employment, Plaintiff has primarily been stationed at the Review Avenue facility in Long Island City. Defendant Ramos oversaw Review Avenue as Director of Fleet Services from 2017 until 2024. Plaintiff's performance evaluations are consistently poor or, at best, middling. For example, Plaintiff's 2019-2020 evaluation noted that Plaintiff "needs to improve his work ethic" and that his "record keeping needs improving." Plaintiff has also received numerous disciplinary write-ups.

      On January 29, 2022, Plaintiff's supervisor, Christopher Boodhan, observed Plaintiff on his cell phone during his shift, in violation of FDNY's cell phone use policy. Boodhan instructed Plaintiff to return to his work, at which point Plaintiff became belligerent and shouted "fuck this I don't have to talk to you," among other insubordinate statements and actions. After this outburst, Plaintiff informed Boodhan and Ramos that his daughter has a serious medical condition, and he had been monitoring her condition on his phone at the time of Boodhan's reprimand. Boodhan, in consultation with Ramos, sent Plaintiff home for the day. As a result of this incident, FDNY served Plaintiff with disciplinary charges. On February 1, 2022, Plaintiff filed a complaint of discrimination against FDNY and Ramos with the SDHR, alleging sexual harassment and disability discrimination. On April 5, 2022, Plaintiff voluntarily withdrew his

complaint pursuant to a signed stipulation which settled the pending disciplinary charges against him. Pursuant to the stipulation, Plaintiff admitted to violating two sections of the FDNY Civilian Code of Conduct: § 5.5, comply with all applicable City and FDNY policies, procedures, rules and regulations, specific to BFS – Personal Cellphones and Headsets Policy; and § 6.5, engage in conduct that is disruptive or is reasonably expected to be disruptive of the workplace or agency operations.

On January 31, 2022, Plaintiff requested a reasonable accommodation that would allow him to monitor his daughter's medical condition using his cell phone at work. On February 1, 2022, FDNY's Equal Employment Opportunity ("EEO") Office denied Plaintiff's accommodation request because the Office accommodates employees' disabilities, not those of employee family members. However, after consultation with Ramos, the EEO Office informed Plaintiff that he could respond to emergency alerts about his daughter's condition so long as he immediately notified his supervisors. On February 1, 2022, Plaintiff submitted a request for intermittent FMLA leave in order to care for his daughter. FDNY granted Plaintiff's request in May 2022 and renewed it in May 2023.

In May 2022, Plaintiff took the civil service exam for the Supervisor of Mechanics position. Plaintiff received the second-highest score out of those who sat for the exam. A panel consisting of Ramos and other directors interviewed Plaintiff for the Supervisor of Mechanics position in August 2023. FDNY promoted the first-ranked and third-ranked scorers on the exam, along with other employees who scored lower on the exam, in September 2023. The third-ranked scorer was on intermittent FMLA leave to care for a family member at the time of his interview and promotion, a fact of which Defendants were contemporaneously aware. Although FDNY denied Plaintiff's application for promotion in September 2023, Ramos was not aware at the time that Plaintiff was taking intermittent FMLA leave.

### B. Plaintiff Cannot Make Out a Prima Facie Case of Retaliation Under the FMLA.

The Court should grant summary judgment to Defendants on Plaintiff's FMLA retaliation claims because there exists no inference of causation between Plaintiff's FMLA leave and Defendants' denial of his application for promotion. To establish a prima facie case of retaliation under the FMLA, a plaintiff must "demonstrate that (1) she exercised rights protected under the FMLA; (2) she was qualified for [her] position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Greenberg v. State Univ Hosp. – Downstate Medical Ctr.*, 838 Fed. Appx. 603, 606 (2d Cir. 2020).

Plaintiff cannot establish a prima facie case of retaliation because the record contains no evidence giving rise to an inference of retaliation. First, Defendant Ramos was not aware that Plaintiff was taking intermittent FMLA leave at the time of the denial of promotion, and thus he cannot have denied Plaintiff's application because of the FMLA leave. *See Gates v. City of New York*, No. 20-cv-3186, 2021 U.S. Dist. LEXIS 160903, at *12 (S.D.N.Y. Aug. 25, 2021). Second, Defendant promoted another employee who was on intermittent FMLA leave to the position for which Plaintiff's application was denied. This undermines any inference that Defendants denied Plaintiff's application because he took protected leave. *See Assue v. UPS, Inc.*, No. 16-CV-7629 (CS), 2018 U.S. Dist. LEXIS 136532, at *37 (S.D.N.Y. Aug. 13, 2018). Third, approximately one year and seven months passed between Plaintiff's application for FMLA leave in February 2022 and the denial of promotion in September 2023—far too long to establish causation. *See Desiderio v. Hudson Techs., Inc.*, No. 22 Civ. 541 (ER), 2023 U.S. Dist. LEXIS 6860, at *14 (S.D.N.Y. Jan. 13, 2023). Accordingly, Plaintiff cannot show causation between his application for FMLA and the denial of his application for promotion, and the Court should grant summary judgment for Defendants.

### C. Plaintiff Cannot Make Out a Prima Facie Case of Retaliation Under the SHRL.

Plaintiff's SHRL retaliation claims fail because the record contains no evidence showing causation between Plaintiff's SDHR complaint and Defendants' denial of his application for promotion.

"To establish a prima facie case of retaliation under the [SHRL], a Plaintiff must show: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Lebowitz v. New York City Dep't of Educ.*, 407 F. Supp. 3d 158, 176-77 (E.D.N.Y. Mar. 31, 2017). A plaintiff can establish causation by showing temporal proximity between the protected activity and the adverse action. *See id.* at 179. A gap of three months between the protected activity and the adverse action prohibits an inference of causation where there is no other evidence supporting such an inference. *See White v. Automatic Data Processing, Inc.*, No. 22-CV-04800 (JLR), 2023 U.S. Dist. LEXIS 77473, at *12 (S.D.N.Y. May 3, 2023). Plaintiff filed his SDHR complaint on February 1, 2022. Defendants denied Plaintiff's application for promotion approximately one year and seven months later in September 2022. This severs any causal link between the two events. The record contains no other evidence from which to infer retaliatory intent, and thus the Court should grant summary judgment for Defendants.

D.  **Plaintiff Cannot Make Out a Prima Facie Case of Discrimination Under the SHRL or CHRL.**

Plaintiff's caregiver and familial status claims under the SHRL and CHRL fail because the record contains no evidence supporting an inference of discrimination. To establish a prima facie case of discrimination under the SHRL or CHRL, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the job; (3) he was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination. *See Valentia Villetti v. Guidepoint Global LLC*, No. 21-2059-CV, 2022 U.S. App. LEXIS 18651, at *3 (2d Cir. July 7, 2022) (SHRL); *Shi v. Batgatelle Intl, Inc.*, No. 20-CV-8473 (ER), 2023 U.S. Dist. LEXIS 109930, at *21 (S.D.N.Y. June 26, 2023) (CHRL). The record contains no evidence supporting an inference of discrimination on the basis of Plaintiff's caregiver or familial status, such as discriminatory comments or poor treatment of other employees' protected class. Instead, the employee that Defendants promoted over Plaintiff is, like Plaintiff, a caregiver for a family member. This defeats any inference of discrimination. *See Assue*, 2018 U.S. Dist. LEXIS 136532, at *37. Thus, the Court should grant summary judgment for Defendants.

E.  **Defendants Have Legitimate, Nondiscriminatory, and Nonretaliatory Reasons for Denying Plaintiff's Application for Promotion.**

Defendants have legitimate, nondiscriminatory, and nonretaliatory reasons for denying Plaintiff's application for promotion: Plaintiff's poor work performance as reflected by his evaluations and his history of discipline. If the plaintiff makes out a *prima facie* case of discrimination or retaliation, the defendant must demonstrate a legitimate, non-retaliatory, and/or nondiscriminatory reason for its actions. *See Greenberg*, 838 Fed. Appx. 603, 606; *Valentia Villetti*, 2022 U.S. App. LEXIS 18651, at *3; *Shi*, 2023 U.S. Dist. LEXIS 109930, at *21. Poor work performance and disciplinary issues are legitimate, nondiscriminatory and nonretaliatory reasons to deny an employee's application for promotion. *See Chukwurah v. Stop & Shop Supermarket Co.*, 354 F. App'x 492, 496 (2d Cir. 2009) (summary order); *Carter v. Autozoners, LLC*, 807 Fed. Appx. 131, 132 (2d Cir. 2020). The record contains no evidence by which Plaintiff can establish that Defendants' legitimate, nonretaliatory reasons for the denial of Plaintiff's application for promotion are pretext for discrimination or retaliation. Thus, there exists no genuine issue of material fact, and the Court should grant summary judgment for Defendants.

Accordingly, Defendants request leave to file their motion for summary judgment pursuant to Fed. R. Civ. P. 56. I thank the Court for its consideration of this request.

Respectfully submitted,

_____/s/_____
Bryan Carr Olert
Assistant Corporation Counsel